**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERALD MORAWSKI, an individual, | No. 13-55227 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-10294-MMM-JCG |
| v. | |
| LIGHTSTORM ENTERTAINMENT, INC., a California corporation; JAMES CAMERON, an individual, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted February 11, 2015
Pasadena, California

Before: SENTELLE,[**] CHRISTEN, and HURWITZ, Circuit Judges.

Gerald Morawski appeals the district court's grant of summary judgment on his

breach of express contract, breach of implied-in-fact contract, and fraud claims against

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable David Bryan Sentelle, Senior Circuit Judge for the U.S. Court of Appeals for the District of Columbia Circuit, sitting by designation.

Lightstorm Entertainment, Inc. and James Cameron. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

**1.** "When interpreting state law, we are bound to follow the decisions of the state's highest court. When the state supreme court has not spoken on an issue, we must determine what result the court would reach based on state appellate court opinions, statutes and treatises." *Paulson v. City of San Diego*, 294 F.3d 1124, 1128 (9th Cir. 2002) (en banc) (citation omitted) (quoting *Hewitt v. Joyner*, 940 F.2d 1561, 1565 (9th Cir. 1991)) (internal quotation marks omitted).

**2.** We assume in the context of our review of the district court's summary judgment that evidence of access and substantial similarity gave rise to an inference that Cameron used Morawski's original ideas in the film *Avatar*. *See Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620, 630–31 (9th Cir. 2010). But Cameron presented detailed and copious evidence of independent creation. Under California law, if a defendant presents "clear" and "positive" evidence of independent creation, any inference of use of another's work arising from access and substantial similarity is dispelled, and a plaintiff may no longer solely rely on that inference to establish improper use. *Spinner v. Am. Broad. Cos., Inc.*, 155 Cal. Rptr. 3d 32, 42 (Ct. App. 2013); *see also Kightlinger v. White*, No. B210802, 2009 WL 4022193, at \*9–10 (Cal. Ct. App. Nov. 23, 2009) (unpublished); *Hollywood Screentest of Am., Inc. v. NBC*

*Universal, Inc.*, 60 Cal. Rptr. 3d 279, 291–92 (Ct. App. 2007).  Because Morawski relies entirely on the inference here, his contract claim fails.

**3.**  "[I]t is well settled that an action based on an implied-in-fact or quasi-contract cannot lie where there exists between the parties a valid express contract covering the same subject matter." *Lance Camper Mfg. Corp. v. Republic Indem. Co.*, 44 Cal. App. 4th 194, 203 (1996).  Morawski's implied-in-fact contract claim fails because neither party disputes the existence of a valid express contract.

**4.**  Morawski's fraud claim fails because of the absence of affirmative evidence of an intent to defraud at the time of contract formation.  *See Tenzer v. Superscope, Inc.*, 702 P.2d 212, 219 (Cal. 1985).

**AFFIRMED**.

*Morawski v. Lightstorm Entertainment, Inc.*, No. 13-55227

CHRISTEN, Circuit Judge, dissenting:

I respectfully dissent from the portion of the court's disposition affirming the district court's summary judgment ruling on the issue of independent creation. Under California law, an inference of use may be rebutted by "evidence of independent creation that is 'clear, positive, uncontradicted and of such a nature that it cannot rationally be disbelieved.'" *Spinner v. Am. Broad. Cos.*, 155 Cal. Rptr. 3d 32, 42 (Ct. App. 2013). In my view, contested issues of fact precluded resolution of independent creation in this case, at least at the summary judgment stage. I would reverse this portion of the district court's order and remand for further proceedings.

1